IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROLD ROJAS,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>TRANSWORLD SYSTEMS, INC.<br>　　and<br>EQUIFAX INFORMATION<br>SERVICES LLC<br>　　and<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.<br>　　and<br>TRANSUNION, LLC.<br><br>　　　Defendants. | CIVL ACTION NO. _____<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>NON-ARBITRATION |

**PRELIMINARY STATEMENT**

1.　　This is an action brought by an individual consumer against Transworld Systems, Inc., Equifax Information Services, LLC, Experian Information Solutions, Inc. and TransUnion, LLC, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* and the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*.

**JURISDICTION AND VENUE**

2.　　Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C. §1692k and 28 U.S.C. § 1331.

3.　　Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Harold Rojas is an adult individual residing in the state of Maryland.

5. Defendant Transworld Systems, Inc. ("Transworld") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 500 Virginia Dr., #514, Fort Washington, PA 19034. The principal purpose of Transworld is the collection of debts already in default using the mails and telephone, and Transworld regularly attempts to collect said debts.

6. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1550 Peachtree St. NE, Atlanta, GA 30309.

7. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

8. Defendant, TransUnion, LLC ("TransUnion") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

## FACTUAL ALLEGATIONS

10. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least January 2022 through present.

11. The inaccurate information includes, but is not limited to, a collection account with Transworld.

12. The Transworld collection account arose out of transactions which were primarily for personal, family or household purposes.

13. At all times pertinent hereto, Plaintiff was not responsible for the debt reported by Transworld.

14. Notwithstanding the above, Transworld has been falsely furnishing and/or reporting the information about the debt in connection with Plaintiff's credit history to credit reporting agencies including but not limited to Equifax, Experian, and TransUnion when it knew or should have known that the debt did not belong to Plaintiff.

15. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

16. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown. Defendants have repeatedly published and disseminated consumer reports to such third parties from at least January 2022 through the present.

17. Plaintiff has disputed the inaccurate information with Transworld, Equifax, Experian, and TransUnion from January 2022 through the present.

18. Notwithstanding Plaintiff's efforts, Experian, Equifax, and TransUnion continue to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors. Experian, Equifax, and TransUnion have repeatedly published and disseminated consumer reports to such third parties from at least January 2022 through the present.

19. Despite Plaintiff's efforts, Experian, Equifax, and TransUnion have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

20. Despite Plaintiff's exhaustive efforts to date, Experian, Equifax, and TransUnion nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, and have continued to report the derogatory inaccurate information about the Plaintiff.

21. Notwithstanding Plaintiffs' disputes, Transworld has also failed to conduct timely and reasonable investigations of Plaintiffs' disputes after being contacted by the relevant credit reporting agencies concerning Plaintiffs' disputes, and has willfully continued to report such inaccurate information to various credit reporting agencies.

22. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

### COUNT ONE – VIOLATIONS OF THE FCRA
### (Plaintiff v. Equifax, Experian, and TransUnion)

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. At all times pertinent hereto, Equifax, Experian, and TransUnion were "person[s]" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

27. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

29. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Equifax, Experian, and TransUnion are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

30. The conduct of Equifax, Experian, and TransUnion was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax, Experian, and TransUnion are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT TWO – VIOLATIONS OF THE FCRA
### (Plaintiff v. Transworld)

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. At all times pertinent hereto Transworld was a "person" as that term defined by 15 U.S.C. § 1681a(b).

33. At all times pertinent hereto Transworld was a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

34. Transworld violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

35. Transworld's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Transworld is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

### COUNT FIVE– VIOLATIONS OF THE FDCPA
### (Plaintiff v. Transworld)

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. Transworld is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

38. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

39. The above reporting of the inaccurate information to credit reporting agencies by Transworld are "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

40. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

41. Transworld violated the FDCPA. Transworld's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10) and 1692f, as evidenced by the following conduct:

   a. The false representation of the amount, character or legal status of a debt;

   b. Communicating or threatening to communicate to any person credit information which is known or which should be known to be false; and

   c. Otherwise using false, deceptive, misleading, and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

42. Transworld's acts as described above were done with intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

43. As a result of the above violations of the FDCPA, Transworld is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMANDED

44. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just, and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark Mailman*
MARK MAILMAN, ESQUIRE
JOSEPH L. GENTILECORE, ESQUIRE
SIOBHÁN E. MCGREAL, ESQUIRE
1600 Market Street
Suite 2510
Philadelphia, PA 19110
(215) 735-8600

Dated:  March 24, 2022               *Attorneys for Plaintiff*